IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

RECEIVED
USDC, CLERK CHARLESTON, SC

2014 MAR 21 P 2: 11

Kevin A. Reilly,                          )
                                          )
                 Petitioner,              )
                                          )        Civil Action No. 0:12-3503-SB
v.                                        )
                                          )
Larry Cartledge, Warden of Perry          )                **ORDER**
Correctional Institution,                 )
                                          )
                 Respondent.              )
_____ )

This matter is before the Court on Kevin A. Reilly's ("Reilly" or "the Petitioner") <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to Local Civil Rule 73.02(B)(2)(a), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 17, 2013, the Respondent filed a motion for summary judgment, and the Magistrate Judge issued an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment procedure and the possible consequences of a failure to adequately respond to the motion.  After being granted extensions of time, Reilly filed a response to the motion on July 18, 2013.



On January 27, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court grant the Respondent's motion for summary judgment and deny Reilly's petition.  Attached the R&R was a notice advising the parties of the right to file written, specific objections to the R&R within fourteen days of receiving a copy.  The Petitioner filed two motions for extensions of time to file objections, both of which the Court granted.  However, the extended time for filing

objections has now expired, and no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby adopts the R&R (Entry 36); grants the Respondent's motion for summary judgment (Entry 21); and denies Reilly's section 2254 petition.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 21, 2014
Charleston, South Carolina

2

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(2)-(3). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the prisoner's constitutional claims is debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.

3